# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN TANKERSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| UNIVERSITY HEALTH SYSTEM, a/k/a | § | CIVIL ACTION NO. |
| BEXAR COUNTY HOSPITAL, a/k/a | § | |
| BEXAR COUNTY HOSPITAL DISTRICT, | § | SA-09-CA-0273 OG (NN) |
| a/k/a UNIVERSITY HEALTH SYSTEM - | § | |
| DEPARTMENT OF PROTECTIVE | § | |
| SERVICES; | § | |
| Officers TOMAS PADILLA, | § | |
| DANIEL HERNANDEZ, | § | |
| D. CARRASCO, | § | |
| P. TALAMANTEZ, and | § | |
| J. KELLEY, in their official and | § | |
| individual capacities, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

**TO:  Honorable Orlando Garcia**
**United States District Judge**

This report and recommendation addresses plaintiff Stephen Tankersley's motion for reconsideration.[1]  Previously, the district judge dismissed[2] this lawsuit because Tankersley failed to comply with the court's April 13, 2009 order directing supplementation of his motion to proceed in forma pauperis (IFP).[3]  Eleven days after dismissal, Tankersley asked the court to

---

[1]Docket entry # 6.

[2]Docket entry # 4.

[3]Docket entry # 2.

reconsider the dismissal.  The district judge then referred the case to me.[4]

In the motion for reconsideration plaintiff's attorney, Vincent Lazaro, asks the court to reconsider the dismissal because he did not receive the order directing Tankersley to pay the filing fee or submit a copy of Tankersley's institutional trust fund account.  Lazaro relies on Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Rule 60(b)(1) permits a court to reconsider a previous ruling for mistake, inadvertence, surprise or excusable neglect.  The question of whether a party has demonstrated excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[5]

Although Lazaro alleges he did not receive the April 13 Order, court records reveal that the order was successfully delivered to Lazaro's primary e-mail address and to two secondary e-mail addresses.  Lazaro has sought and – contrary to his assertions – received the clerk's assistance with electronic noticing issues in the past.  He admits that he failed to check either of the secondary e-mail addresses, although he claims to have had problems receiving electronic notices through his primary e-mail account in the past. He has been advised by the Clerk of the inherent problems associated with the use of free e-mail accounts in the past yet he continues to rely on such accounts as his exclusive method for receipt of court electronic notices.  The Administrative Policies and Procedures manual for our court reminds litigants of the importance

---

[4]Docket entry # 7.

[5]*Pioneer Inv. Services Co. v. Brunswick Associates*, 507 U.S. 380, 395 (1993).

of checking the court docket at regular intervals.[6]

As Tankersley's attorney, Lazaro is responsible for ensuring he receives filings on behalf of his client. Having filed this case on the last day of the statute of limitations—contingent on the approval of IFP status—Lazaro should have been especially vigilant in this case. Dismissal could have been easily avoided by following the instructions on the IFP application which would have obviated the need for the April 13 order directing supplementation of the IFP application.[7]

**Recommendation**. Although a litigant must ordinarily "be held accountable for the acts and omissions of their attorneys,"[8] Tankersley's motion and proposed complaint indicate he is indigent and incarcerated, limiting his options for representation. Considering this equitable circumstance, I do not recommend holding Tankersley accountable for Lazaro's failure to comply with the district judge's order. Instead, I recommend GRANTING the motion for reconsideration (docket entry # 6) and VACATING the dismissal order (docket entry # 4). If the district judge accepts this recommendation, I will direct the clerk to file Tankersley's proposed complaint as of the day he filed his motion to proceed IFP.

I also recommend ADMONISHING Lazaro about his duty to handle client matters with

---

[6] Administrative Policies & Procedures for Electronic Filing for Civil and Criminal Cases, sec. 17(f).

[7] The application bears the following instruction:

A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been to multiple institutions, attach one certified statement of each account.

[8] *Pioneer Inv. Servs. Co.*, 507 U.S. at 396.

diligence and competence.[9] Filing Tankersley's IFP application without complying with applicable instructions, failing to monitor the status of the IFP application, and continuing to rely on e-mail accounts which Lazaro characterized as being unreliable in the past to receive important court correspondence reflect inattention to important litigation responsibilities. I recommend warning Lazaro that a lack of competence and diligence in the future may jeopardize his eligibility to practice in this district.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[10] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de*

---

[9]*See* Tex. Disciplinary Rules of Prof. Conduct, § I, R. 1.01, cmt. 7.

[10]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

*novo* determination by the district court.[11]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[12]

**SIGNED** on June 29, 2009.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[11]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[12]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).