UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN TANKERSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNIVERSITY HEALTH SYSTEM, a/k/a | § | CIVIL ACTION NO. |
| BEXAR COUNTY HOSPITAL, a/k/a | § | |
| BEXAR COUNTY HOSPITAL DISTRICT, | § | SA-09-CA-0273 OG (NN) |
| a/k/a UNIVERSITY HEALTH SYSTEM - | § | |
| DEPARTMENT OF PROTECTIVE | § | |
| SERVICES; | § | |
| Officers TOMAS PADILLA, | § | |
| DANIEL HERNANDEZ, | § | |
| D. CARRASCO, | § | |
| P. TALAMANTEZ, and | § | |
| J. KELLEY, in their official and | § | |
| individual capacities, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

**TO:**   **Honorable Orlando Garcia**
     **United States District Judge**

This report and recommendation recommends dismissing this case for failing to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to ask the court to dismiss a lawsuit for lack of prosecution or because the plaintiff failed to comply with a court order. "In addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice."[1] Exercising that authority is appropriate here.

---

[1] *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980).

In this lawsuit, plaintiff Stephen Tankersley sought to sue University Hospital and certain individual employees of the University Hospital Police Department for violating his civil rights. Tankersley is reportedly homeless and was charged with assault of a public servant as a result of the events described in his proposed complaint. The district judge initially dismissed the case because Tankersley failed to pay the filing fee or submit a copy of his institutional trust account statement to support his application to proceed in forma pauperis.[2] Subsequently, Tankersley's attorney asked the court to reinstate the case because the attorney had not received the order directing Tankersley to pay the filing fee or submit a copy of his institutional trust account statement.[3] After I recommended vacating the dismissal order,[4] the district judge reinstated the case and directed Tankersley to file an advisory by December 20, 2009, stating whether he intended to pursue this action.[5]

On December 21, 2009, Tankersley's attorney advised the court about his efforts to ascertain Tankersley's intention and his difficulties in communicating with Tankersley's criminal defense attorney.[6] Because Tankersley's attorney was unable to confirm Tankersley's intention by the original deadline, I extended the deadline for Tankersley to state his intention until January 22, 2010.[7] On that day, Tankersley's attorney asked for additional time.[8] I granted the attorney's request and extended the deadline until January 29, 2010. The attorney responded on

---

[2]Docket entry # 4.

[3]Docket entry # 6.

[4]Docket entry # 8.

[5]Docket entry # 9.

[6]Docket entry # 10.

[7]Docket entry # 11.

[8]Docket entry # 12.

February 1, 2010, and stated that Tankersley intended to pursue his claims.[9] The attorney advised that he would meet with Tankersley on February 5, 2010, to obtain additional detail to amend his complaint.

Because no amended complaint was filed, I issued a show cause order on June 14, 2010 and directed Tankersley to show cause in writing by June 25, 2010, why this case should not be dismissed for failing to prosecute. Tankersley's attorney responded on July 2, 2010, and reported that he had been unable to contact Tankersley.[10] He also reported that Tankersley had not attended the client meeting scheduled for February 5, 2010. Although the attorney asked for more time to ascertain Tankersley's whereabouts, there is no need for an extension of time.

I confirmed with the clerk for the 437th Criminal District Court, Bexar County, Texas, that Tankersley is awaiting trial for assault on a public servant in Cause No. 2007-CR-10719. The criminal district court has designated Tankersley as a fugitive. Although this status may be due to Tankersley's homelessness, it indicates Tankersley has failed to communicate his whereabouts to the criminal district court. He has also failed to communicate his whereabouts to his attorney in this case. Tankersley may have failed to prosecute this case because he is homeless, but he has nevertheless failed to prosecute his claims. Where a litigant fails to prosecute his claims, the case is appropriately dismissed under Rule 41(b).[11]

**Recommendation**. Because Tankersley has had sufficient opportunity to respond to the orders of this Court and to prosecute this case, and has failed to respond as directed, I recommend dismissing this case for failing to prosecute.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

---

[9] Docket entry # 13.

[10] Docket entry # 16.

[11] Fed. R. Civ. P. 41(b) (permitting the court to dismiss a case if the plaintiff fails to prosecute or fails to comply with a court order).

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[12]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[13]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[14]

    **SIGNED** on July 7, 2010.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[12] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[13] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).